UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
JAMES J. VILT, JR. - CLERK

MAY - 2 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

JOHN ANTHONY SCHMIDT

INDICTMENT

NO. 3:23-CR- 55-DJH

18 U.S.C. § 981
18 U.S.C. § 982
18 U.S.C. § 1343
18 U.S.C. § 1344
28 U.S.C. § 2461

The Grand Jury charges:

1.      Beginning no later than September 2014 and continuing until in or about January 2019, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **JOHN ANTHONY SCHMIDT**, devised a scheme to defraud and to obtain money by means of false and fraudulent pretenses and representations, and transmitted writings and signs in interstate wire communications for the purpose of executing the scheme, to wit:

*The Trusts*

2.      At times relevant, the defendant, **JOHN ANTHONY SCHMIDT** (hereinafter "**SCHMIDT**"), was an attorney practicing law in Bullitt County, Kentucky, with his own private law firm, The Schmidt Law Office, P.S.C., a/k/a Schmidt and Etherton Law Offices PSC. **SCHMIDT** also served as the Master Commissioner of the Bullitt County Circuit Court from the early 1990s until December of 2019.

3.      As part of his private practice of law, **SCHMIDT** sought appointment and was appointed by the Commonwealth of Kentucky Bullitt County District Court to serve as a Public Administrator or trustee for various estates and trusts, including Trust A and Trust B. **SCHMIDT**

was appointed as the sole trustee for Trust A on or about June 4, 2012, and as the Public Administrator for Trust B on or about January 5, 2015 (roles jointly hereinafter referred to as "trustee").

4.      In his role as trustee for Trust A and Trust B, **SCHMIDT** had access to the assets, moneys, and funds of both trusts and held signatory authority on the bank accounts held by both Trusts. Trust A's assets were held at Financial Institution #1.  Trust B's assets were held at Financial Institution #2.

5.      **SCHMIDT** was removed by the Bullitt County District Court as trustee for Trust A in or about September 2019, and as trustee for Trust B in the fall of 2020.

## COUNT 1
### *(Wire Fraud)*

#### *The Scheme to Defraud*

6.      Shortly into his tenure as trustee for Trust A, and no later than September 2014, **SCHMIDT** devised a scheme to defraud and to obtain money from the Trusts by means of false and fraudulent pretenses and representations in which he began to move money from each of the Trusts' bank accounts to bank accounts he controlled.  The transfers of money **SCHMIDT** made from the assets of Trust A and Trust B as part of the scheme to defraud were neither approved nor authorized by the terms of the Trusts, nor were the funds used for Trust purposes.  Instead, **SCHMIDT** made the unapproved transfers of money from the Trusts' assets in order to pay for personal expenditures.  By means of such fraud, between 2014 and 2019 **SCHMIDT** obtained money to which he was not entitled from Trust A and Trust B totaling over $435,000.

7.      It was further part of the scheme that, while serving as trustee for Trusts A and B, **SCHMIDT** wrote checks, caused official checks to be issued, obtained cashier's checks, and

caused withdrawals of funds from Trust A and Trust B held at Financial Institutions #1 and #2, respectively, in order to obtain money from the Trusts to which he was not entitled. **SCHMIDT** would then deposit the money he obtained from Trust A or Trust B into a bank account held by either **SCHMIDT** personally or by **SCHMIDT**'s law firm. **SCHMIDT** then used the funds obtained from the Trusts for purposes unrelated to Trust A or Trust B.

8. It was further part of the scheme that, in some instances, **SCHMIDT** obtained funds from the Trusts in order to pay debts he incurred to individuals he had represented or purported to represent in the course of his legal practice. In these instances, **SCHMIDT** would obtain the funds from the Trusts' accounts at Financial Institutions #1 and #2 through his position as trustee by transferring funds or causing the issuance of checks on the Trusts' accounts. **SCHMIDT** often signed checks he caused to be issued from the Trusts' bank accounts for his own benefit rather than for Trust purposes as "John Schmidt, trustee" when he issued or endorsed the checks.

9. It was further part of the scheme that, in at least two instances, **SCHMIDT** obtained funds from Trust B in order to replace missing funds from the Bullitt County Master Commissioner bank account. In these instances, **SCHMIDT** obtained the funds from Trust B by way of a temporary check drawn on Trust B's bank account with Financial Institution #2 that **SCHMIDT** signed as trustee for Trust B. **SCHMIDT** then deposited the temporary check into the bank account of his private law firm. **SCHMIDT** subsequently wrote a check from his law firm account (for the same or substantially similar amount to that which he withdrew from Trust B) to "John Schmidt, Master Commissioner" and deposited that check into the Bullitt County Master Commissioner account.

10. On or about the date set forth below, in the Western District of Kentucky, Bullitt County, Kentucky, **JOHN ANTHONY SCHMIDT**, for the purpose of executing the herein-described scheme to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce the following writings, signals, pictures, and sounds:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|-------|------|-------------------------------|
| 1 | October 17, 2018 | Official Check #420420 in the amount of $12,000 drawn from the account of Trust A held at Financial Institution #1, deposited into the bank account of The Schmidt Law Office PSC at WesBanco Bank ending in 0026, which caused a wire communication to travel from Bullitt County, Kentucky, to outside of Kentucky |

In violation of Title 18, United States Code, Section 1343.

The Grand Jury further charges:

## COUNT 2
### *(Bank Fraud)*

11. The allegations in Paragraphs 1 – 10 are realleged and incorporated by reference as if fully set forth herein.

12. Beginning no later than September 2014 and continuing until in or about January 2019, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **JOHN ANTHONY SCHMIDT**, did knowingly and intentionally devise and intend to devise a scheme to obtain money and funds owned by and under the custody and control of a federally-insured financial institution, specifically Financial Institution #1, by means of materially false and fraudulent pretenses, representations, and promises, to wit: **JOHN ANTHONY SCHMIDT** misrepresented to Financial Institution #1 that he had the authority as trustee to remove and obtain

certain money and funds from Trust A held at Financial Institution #1, when, in fact, he had no such authority to do so and was removing those monies and funds for his own personal use.

In violation of Title 18, United States Code, Section 1344.

The Grand Jury further charges:

## COUNT 3
### *(Bank Fraud)*

13.     The allegations in Paragraphs 1 – 10 are realleged and incorporated by reference as if fully set forth herein.

14.     Beginning no later than April 2015 and continuing until in or about March 2017, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **JOHN ANTHONY SCHMIDT**, did knowingly and intentionally devise and intend to devise a scheme to obtain money and funds owned by and under the custody and control of a federally-insured financial institution, specifically Financial Institution #2, by means of materially false and fraudulent pretenses, representations, and promises, to wit: **JOHN ANTHONY SCHMIDT** misrepresented to Financial Institution #2 that he had the authority as trustee to remove and obtain certain money and funds from Trust B held at Financial Institution #2, when, in fact, he had no such authority to do so and was removing those monies and funds for his own personal use.

In violation of Title 18, United States Code, Section 1344.

## NOTICE OF FORFEITURE

If convicted of any violation of Title 18, United States Code, Sections 1343 and 1344, as alleged in Counts 1 through 3 of this Indictment, **JOHN ANTHONY SCHMIDT**, the defendant,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of the violations.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461.

A TRUE BILL.

Redacted

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:SMZ

UNITED STATES OF AMERICA v. John Anthony Schmidt

## P E N A L T I E S

Count 1:  NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 2-3 (each count):  NM 30 yrs./$1,000,000/both/NM 5 yrs. Supervised Release
Notice of Forfeiture

## N O T I C E

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1.   **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

For offenses occurring after December 12, 1987:

No **INTEREST** will accrue on fines under $2,500.00.

**INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

**PENALTIES** of:

10% of fine balance if payment more than 30 days late.

15% of fine balance if payment more than 90 days late.

2.   Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.   Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

        1.        That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

        2.        Give bond for payment thereof.

      18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.