UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.   Criminal Action No. 3:23-cr-55-DJH

JOHN ANTHONY SCHMIDT, Defendant.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on May 31, 2023, with the following counsel participating:

For the United States:   Stephanie M. Zimdahl

For Defendant:   Patrick J. Renn

The Court and counsel discussed the procedural posture of the case. Counsel reported that discovery from the United States is complete. Based on the discussion during the conference, and by agreement of the parties, it is hereby

**ORDERED** as follows:

(1) The unopposed motion to continue the trial and declare the matter complex (Docket No. 20) is **GRANTED**. The trial of this matter, currently set for July 10, 2023, is **REMANDED** from the Court's docket, to be reset by subsequent Order. All pretrial dates and deadlines are **VACATED**. Due to the nature of the prosecution and the extensive discovery, the case is deemed complex for purposes of computing the time in which trial should commence. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

(2) This matter is **SET** for a status hearing on **July 10, 2023, at 10:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky.

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from May 31, 2023, to July 10, 2023, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

June 1, 2023

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg

cc: Jury Administrator