UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                     PLAINTIFF

vs.                                                      CASE NO.: 3:23-CR-0055-DJH

JOHN ANTHONY SCHMIDT                                  DEFENDANT

_____

### DEFENDANT SCHMIDT'S SENTENCING MEMORANDUM

On January 8, when John Schmidt presents himself for sentencing, this Court's task will be one of fashioning a punishment to "fit the offender and not merely the crime." *Roberts v. United States*, 445 U.S. 552, 556 (1980). Mr. Schmidt, through counsel, offers this sentencing memorandum in hopes of assisting the Court in that difficult task. Unresolved objections remain to the Presentence Investigation Report which are included in the final PSR. Those objections will be argued at the sentencing hearing, but will not be rehashed in this memo.

Dozens of people have written letters in support of Mr. Schmidt which have been filed as document numbers 29 and 30. Mr. Schmidt sincerely hopes that the Court will read the letters which paint a clear picture of the story of Mr. Schmidt. You will see in the attached letters, that he has completely accepted and acknowledged responsibility for the wrongful conduct that led to the charges against him. The conduct was shocking and unexpected by the people who know and love John, and the many people whose lives he has touched in very positive ways. This behavior was out of character, but comprehensible when you look at who Mr. Schmidt has been. His deep depression and the stress of being stretched too thin financially and over-committed led him to engage in the bad conduct that has landed him in this court room.  As his therapist explains in his

attached letter, "I see John as a profoundly moral man whose own actions perplexed him." (DN 29-1, PageID #: 106). Many of the people who wrote letters mentioned the deep shame and embarrassment Mr. Schmidt feels about what he did.

From the letters we see that Mr. Schmidt is a very active community member and church member. He has been a mentor to many, and helps out whenever he sees the opportunity. These perceptions of strength and the ability to be so helpful added to the pressure and anxiety that fed Mr. Schmidt's depression. He made extremely bad decisions to keep up the great image he had built. As his youngest daughter, Erica, wrote: "He suffered for a long time in silence, because he was used to being the person other's leaned on. I believe that as his mental illness grew worse my father made choices that were outside his usual character, and eventually suffered from a mental health break in 2019." (DN 30-1, PageID#: 150). As his daughter Stephanie shared, "When my dad went missing and our family found out for the first time how much he had been struggling, it was an incredible shock." (DN 29-1, PageID#: 108).

When John had his mental break in 2019, he finally got the help he needed, but had been to ashamed to seek. "The person he is now has the tools to ask for help and the focus on supporting his family beyond financial means." *Id.* at 109.

## SENTENCING CONSIDERATIONS

There is no agreement between the parties in this case. Mr. Schmidt has a criminal history score of zero, which makes him level 1. The Guidelines argued for in the PSR objections would make an offense category of 18. However, the Guidelines are advisory, not mandatory. In this case, with Mr. Schmidt's complete acceptance of responsibility, his demonstration that he can and has totally turned his life around, and his contributions to the community, a sentence of the low-end 27-months would allow him to quickly return to continue to give back to his

community and to be involved in his grandson's lives. As the pointed out in the PSR, "During the last five fiscal years (FY2018-2022), there were 492 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 22 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 475 defendants (97%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 33 month(s) and the median length of imprisonment imposed was 36 month(s). For all 492 defendants in the cell, the average sentence imposed was 33 month(s) and the median sentence imposed was 36 month(s)." (DN 32, PageID #: 174). This demonstrates that most defendants in Mr. Schmidt's case receive below Guidelines sentences. With the requested 4-levels lower than found by the PSR, a sentence of 27 months seems appropriate.

As the Court is well aware, 18 U.S.C. § 3553(a) directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in § 3553(a)(2).

The above excerpts from the letters of support paint a vivid picture of the love and respect members of the community have for Mr. Schmidt.

Mr. Schmidt's bad conduct was motivated by depression and stress, and he has learned his lesson and found the tools to ensure this will never happen again. The intense shame he has experienced and the loss of his career have placed heavy weights on the scale against ever making such an "easy-money" choice again.

In considering the Section 3553 factors, the Court must also consider the need for the sentence imposed to accomplish the goals of sentencing listed in § 3553(a)(2). Respectfully, Mr. Schmidt believes that a sentence of 27 months would be sufficient, but not greater than necessary

to accomplish those goals, and would allow Mr. Schmidt to soon resume his active positive involvement in the community and in his children's and grandchildren's lives.

With this conviction, Mr. Schmidt, who has never been in trouble before, has lost his civil rights, lost his career, and has also suffered the shame and embarrassment connected with becoming a convicted felon. As he has lost his career, a lengthier sentence is wholly unnecessary to protect the public from Mr. Schmidt and therefore will not serve to advance that goal.

Mr. Schmidt has many career skills and is well educated. A term in prison would not add anything to further this goal.

For all these reasons, a sentence 27-months will accomplish all the goals of § 3553(a), while a higher sentence would not accomplish those goals any better, and would in fact be greater than necessary to do so.

Respectfully submitted,

/s/ Rob Eggert
Rob Eggert
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
Counsel for Defendant Schmidt

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will automatically send a notice of electronic filing to all attorneys of record.

/s/ Rob Eggert
Rob Eggert